*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARTURO RESENDIZ,

       Plaintiff-Appellant,

v

AIS CONSTRUCTION EQUIPMENT CORP., also
known as CRC CONTRACTORS RENTAL CORP.,

       Defendant-Appellee,

and

HAMM AG, DEERE & COMPANY, WIRTGEN
AMERICA, LLC, and WIRTGEN GROUP,

       Defendants.

UNPUBLISHED
August 11, 2022

No. 358291
Ingham Circuit Court
LC No. 19-000588-NI

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Arturo Resendiz was working on a road-construction crew when the driver of an asphalt roller exited the vehicle to move some cones. The roller's safety switch did not engage as it was supposed to when the operator left the seat, and the roller accidentally went into gear and ran over Resendiz. Resendiz survived but was injured. He sued AIS Construction Equipment Corp, from which his employer C & D Hughes, Inc., bought the roller, alleging that AIS negligently maintained the roller before selling it to C & D and that AIS breached the roller's implied warranty of fitness (the other defendants are not parties on appeal). The trial court granted summary disposition to AIS, reasoning that Resendiz failed to demonstrate a genuine dispute of material fact that AIS caused the accident by disabling or failing to fix the safety switch. We affirm.

The Michigan Occupational Safety and Health Administration (Administration) investigated the accident and learned that the safety switch had been manually bypassed by manipulating its wiring, but the investigation did not determine when the modification happened

or who was responsible. C & D's employees apparently did not know about the safety switch, but the Administration's investigation revealed that C & D had a manual for the roller and the manual addressed the safety switch.

AIS moved for summary disposition, arguing that it was not liable for Resendiz's injuries because it was unforeseeable to AIS that someone would alter the roller by disabling the safety switch after it was sold to C & D. AIS attached the affidavit of Dave Terbeek, its Vice President of Rental Operations, to its motion. Terbeek averred that the roller underwent regular maintenance while AIS owned it and that this maintenance included checking the safety switch. He further averred that AIS did not bypass the safety switch, the roller was fully inspected shortly before AIS sold it to C & D, and no issues were discovered during the inspection. AIS's service records confirm that the roller was regularly inspected, including shortly before the sale, and that the inspections addressed the roller's "safety devices" and all wires were checked for cuts and other damage. The roller passed all inspections.

Resendiz responded, arguing that the roller's safety switch was bypassed by AIS because nobody at C & D knew how to bypass the safety switch. Resendiz attached an affidavit by Daniel Ibarra to his response. Ibarra averred that he worked for C & D for 27 years "on its road crews" and that nobody he knew of at C & D could have bypassed the safety switch. He further averred that the safety switch never worked the entire time C & D owned the roller. Importantly, Ibarra failed to state the basis for his assertion that the safety switch never worked from the moment C & D obtained ownership of the roller. Resendiz also attached a letter from the roller's manufacturer, stating that it concluded the safety switch was disabled after the manufacturer sold it. AIS replied to Resendiz's response and, following a hearing, the trial court granted summary disposition to AIS. In doing so, the trial court concluded that AIS presented evidence that it did not cause the safety-switch bypass and Resendiz's contentions to the contrary were mere conjecture. This appeal followed. AIS and Resendiz each filed a single brief on appeal; Resendiz chose not to reply to AIS's brief.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632. "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

In product-liability actions against a seller other than the manufacturer, the plaintiff must establish, in relevant part, that the seller proximately caused the plaintiff's injuries. MCL 600.2947(6). Our analysis begins and ends with causation. AIS presented evidence through Terbeek's affidavit and its service records that it did not bypass the safety switch. Resendiz opposed this evidence with Ibarra's affidavit that claims—without establishing a foundation for his assertion—that the roller's safety switch never worked the entire time C & D owned it. He further averred that *nobody he knew of at C & D* bypassed the safety switch or even had the

capability to do so.  But Ibarra's affidavit does not establish how many of C & D's employees this would cover, nor does it establish that AIS bypassed the safety switch.  Furthermore, Resendiz's contention that the Administration's investigation pinned the defect on AIS is not supported by the record.  The Administration did not come to any conclusion on the matter.  Finally, Resendiz's reliance on the letter from the roller's manufacturer is also unavailing.  That letter merely concluded that the safety switch was disabled at some point after the manufacturer sold it; it does not point the finger at AIS.

In summary, Resendiz alleged that AIS caused his injuries by disabling the roller's safety switch.  AIS responded to that allegation by presenting evidence that the roller passed a safety inspection that addressed the safety switch shortly before the roller was sold to C & D.  Resendiz attempted to counteract this evidence with Ibarra's affidavit, but that affidavit did not provide a sufficient basis to refute the evidence presented by AIS.  Ibarra's affidavit is insufficient to create a dispute of material fact and the remaining evidence Resendiz points to cannot establish that AIS bypassed the safety switch.  Thus, the trial court did not err by granting summary disposition to AIS.

Affirmed.


/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett

-3-